

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Overruled by

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-6206
Re: By what means, if any,
may candidates for Judge
of the Sixty-ninth Judicial
District have their names
placed upon the ballot for
the coming general election,
and a related question.

Your letter of September 8, 1944, requesting the opinion of this department on the questions stated therein, is, in part, as follows:

"The Judge of the 69th Judicial District has resigned his office since the primary election held on July 22, 1944. The Governor has made an appointment to fill the vacancy.

"Article 4, Section 12, of the Constitution, provides, among other things:

"'Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter.'

"Assuming that it will be necessary for a Judge to be elected in the 69th District at the General Election on November 7th, we find no provision of the statutes governing the manner that a candidate for such office may have his name appear on the ballot.

"In the light of the above facts, will you please advise this department upon the following inquiries:

"1. By what means may a candidate for Judge of the 69th Judicial District have his name placed upon the ballot at the coming General Election?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED

"2. Will it be necessary for such
a candidate to be elected by a 'write-in'
vote only?"

In addition to the facts stated in the foregoing
letter, the records of your office reflect that Judge James
W. Witherspoon was elected District Judge of the 69th Judi-
dial District in 1942. After his election in 1942, the term
of office for which Judge Witherspoon was elected began on
January 1, 1943, and continued until January 1, 1947. (Art.
2929a-1, Vernon's Annotated Civil Statutes). Judge Witherspoon
resigned his office on July 22, 1944, and Honorable John H.
Aldridge was appointed August 1, 1944, by the Governor to
succeed Judge Witherspoon.

Section 12 of Article 4 of the State Constitution
provides, in part:

". . . Appointments to vacancies in offices
elected by the people shall only continue until the
first general election thereafter."

Section 28, Article 5, of the State Constitution,
provides:

"Vacancies in the offices of Judges of the
Supreme Court, the Court of Criminal Appeals,the
Court of Civil Appeals, and District Courts shall
be filled by the Governor until the next succeed-
ing general election; and the vacancies in the
offices of County Judge and Justices of the Peace
shall be filled by the Commissioners' Court until
the next general election for such offices."

Section 27 of Article XVI of the State Constitution
provides:

"In all elections to fill vacancies of office
in this State, it shall be to fill the unexpired
term only."

Hon. Sidney Latham, page 3

Article 19, Vernon's Annotated Civil Statutes, provides:

"All vacancies in State or district offices, except members of the Legislature, shall be filled, unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy, who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate, or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

The case of Nicks vs. Curl, et al, 86 S. W. 368, in construing Article XVI, Section 27, and Article 5, Section 28 of the Constitution of Texas, holds in effect that all elections to fill vacancies in an office shall be to fill the unexpired term only, and that vacancies in the office of Judge of the District Court shall be filled by the Governor until the next succeeding general election and the Judge elected at the general election in 1902 in place of the Judge regularly elected in 1900, whose office became vacant by death, was elected for the unexpired term of the deceased Judge only, and not for the full constitutional term of four years.

It is our opinion that when Judge Alridge was appointed to succeed Judge Witherspoon, his appointment continues until the first day of January, 1945, and if a person is elected at the general election in November, his term will begin the first day of January, 1945, and continues until the first day of January, 1947.

We have carefully considered Article 2953A, Vernon's Annotated Civil Statutes, in connection with the questions under consideration and it is our opinion that this statute has no application to such questions. The question naturally arises whether the statutes or Constitution of this State impose upon any official the duty to call a special election in cases like the one here involved. We have failed to find any constitutional or statutory provision imposing such duty. Generally speaking, the holding of an election must be based upon authority conferred by law. Accordingly, if officers empowered to order such elections make an order for an election not authorized by the Constitution and laws of this State for a purpose not recognized by law as within their power, such order and election are a nullity. (Stephens vs. Dobbs, 243 S. W. 710; Texas Jur. Vol. 16, page 20).

Judge Witherspoon resigned the office of District Judge, as above stated, on July 22, 1944. His resignation was on the date of the first primary for 1944, therefore, no person could have filed for the office of District Judge for the said district under these facts. (Art. 3112, V. A. C. S.). Apparently, the official ballot at the general election contains, or will contain, no name as nominee for the office of district judge unless a name can be placed on such ballot before the general election. Generally speaking, the official ballot at the general election should contain the names of those who have received the number of votes necessary to nominate, and whose nomination has been duly made and properly certified. (Allen vs. Fisher, 9 S. W. 2d,731; Couch vs. Hill, 10 S. W. 2d, 170).

Article 3165, V. A. C. S., provides for the making of a nomination by an executive committee when a nominated candidate for office declines the nomination or dies, and declares further that:

"... No executive committee shall ever have power of nomination, except where a nominee has died or declined the nomination as provided in this article."

Referring to the foregoing statute, it is stated in Texas Jurisprudence, Vol. 16, page 90:

"The enactment was designed for the protection of political parties and their members against the use of unauthorized authority by executive committees. It is to be noted that this provision applies only where there has been a previous nomination and a vacancy therein was either by a declination or the death of the nominee. An inspection of the statutes make it manifest that the Legislature has omitted to provide any method for the making of a party nomination for an office to be filled at a general election where the vacancy occurs between the dates fixed by law for the holding of the primary election and the ensuing general election and for which there has been no previous nomination of a candidate to be voted upon in the general election. The failure of the Legislature to act in this respect does not mean that a party is without power to make any nomination when such a contingency occurs. For although the Legislature has power to regulate nominations, it does not have authority absolutely to prohibit any nominations from being made. The right of the party to nominate candidates exists and in the absence of any statutory provisions prescribing procedures; the right may be exercised in any manner agreeable to party usage."

After carefully considering the case of Gilmore vs. Wapels, et al, 188 S. W. 1037, it is our opinion that the executive committee for the district would have no authority to nominate under Article 3165, V. A. C. S.

An inspection of the statutes makes it manifest that the Legislature has omitted to provide any method for making of a party nomination for an office to be filled at the general election under the circumstances herein involved. In answer to your first question, you are respectfully advised that we know of no way that a person may get his name placed upon the ballot at the coming general election as a candidate for District Judge of the 69th Judicial District.

26

Although the Supreme Court, in the case of Gilmore vs. Waples, et al, supra, indicates that the Democratic Party of the District is not without authority to make a nomination if such nomination is made under conditions unregulated by any statute law and in accordance with the "party law" and agreeably to "party usage". In connection with the foregoing statement, it is to be pointed out that we know of no "party law" or "party usage" regarding the questions under consideration.

We now consider your second question. It is doubtful whether the name of the office will appear on the official ballot at the general election. If the public generally know, or should know, that an election is taking place for the particular purpose although a small majority of the voters vote at such election, by writing designate the office and write in a name for such office, it may be declared to be the public will and a valid election, but if it appears that it was not generally known and understood that an election was being held for the purpose of electing a candidate for the office of District Judge of the 69th Judicial District, and where there was no mention of such office on the ballot, some question as to the validity of the election might be raised. (See Cunningham vs. Queen, et al, 96 S. W. 2d, 798).

If a "write-in" vote is attempted at the general election, this opinion is not to be construed as expressing any opinion as to the validity of said election unless and until said question is presented after the general election, although "write-in" votes are valid generally and a candidate may be elected in this manner. It is to be further understood that we express no opinion as to the rights of the present incumbent to "hold over" until his successor is duly elected or appointed and qualified.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:rt

